# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROSE HOOK, On Behalf of Herself and All Others Similarly Situated,** | **COLLECTIVE ACTION** |
| *Plaintiff*, | **CASE NO. _____** |
| | **JUDGE _____** |
| v. | |
| | **JURY DEMAND** |
| **Acme Nashville, LLC d/b/a Acme Feed & Seed,** | |
| *Defendant*. | |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Rose Hook ("Plaintiff") brings this action against Defendant Acme Nashville, LLC d/b/a Acme Feed & Seed ("Defendant" or "Acme"), to recover unpaid wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendant Acme Nashville, LLC d/b/a Acme Feed & Seed owns and operates a restaurant and bar in Nashville, Tennessee called Acme Feed & Seed where Plaintiff and those similarly situated have worked as tipped employees (*e.g.*, bartenders and servers). Defendant generally paid Plaintiff and those she seeks to represent an hourly wage lower than $7.25 per hour under the tip credit provisions of the FLSA. Defendant, however, failed to satisfy the requirements for utilizing the tip credit to meet their minimum-wage and overtime obligations to their tipped employees. Defendant failed to satisfy the requirements for utilizing the tip credit for several reasons, including but not limited to: (1) failing to provide tipped employees with the required notice before taking the tip credit; (2) requiring tipped employees to share tips with non-tipped

employees who have no or insufficient customer interaction; and (3) requiring tipped employees to perform large amounts of non-tip-producing duties while being paid at a tipped hourly rate of less than the $7.25 per hour minimum wage, including during periods of time when they were not serving customers.

3. As a result of these violations, Defendant is not permitted to rely on the "tip credit" to satisfy their minimum wage and overtime obligations under the FLSA and therefore have failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Plaintiff and those she seeks to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek), liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of herself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and conducts business in this district.

## II. PARTIES

6. Plaintiff Hook is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff was employed by Defendant at their Acme Feed & Seed restaurant and bar, located at 101 Broadway, Nashville, TN 37201, from approximately September of 2022 through January of 2023 and worked as bartender. As a bartender, Plaintiff was paid an hourly wage below $7.25 per hour plus tips (*i.e.*, Plaintiff was a tipped employee).

7. Plaintiff brings this action on behalf of herself, and all similarly situated employees who worked as tipped employees for Defendant at their Acme Feed & Seed restaurant and bar, located at 101 Broadway, Nashville, TN 37201.

8. Defendant Acme Nashville, LLC is a Tennessee limited liability company with its principal address at 641 Fogg Street, Nashville, Tennessee 37203-4605.

9. Defendant Acme Nashville, LLC lists its registered agent as Thomas Morales, located at 641 Fogg Street, Nashville, Tennessee 37203-4605.

10. At all relevant times, Defendant has been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

11. At all relevant times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

### III. FACTS

12. Plaintiff and similarly situated employees are current and former tipped employees (*e.g.*, bartenders and servers) of Defendant, who earned less than $7.25 per hour and received customer tips, and for whom the Defendant took a tip credit for (herein referred to as "Tipped Employees").

13. Defendant paid Plaintiff and other Tipped Employees an hourly wage below $7.25 per hour.

14. Defendant purported to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour). *See* 29 § U.S.C. §§ 203(m), 206, 207.

15. Because Defendant takes a tip credit under the FLSA for their Tipped Employees, Defendant must meet all statutory requirements for counting a portion of tips received by their

employees as satisfying the statutory minimum wage.

16. Defendant does not meet these statutory requirements for claiming a tip credit towards the minimum wage.

17. One way that Defendant failed to meet the statutory requirements for claiming a tip credit towards the minimum wage is that they did not inform Plaintiff and other Tipped Employees of the tip credit provisions of 29 U.S.C. § 203(m)(2) or the fact that they would rely on those provisions to satisfy its minimum wage and overtime obligations to Plaintiff and other Tipped Employees prior to taking the tip credit.

18. Another way that Defendant failed to meet the statutory requirements for claiming a tip credit towards the minimum wage is that they have a policy and / or practice of requiring Plaintiff and other Tipped Employees to share a portion of the tips they receive from customers with other employees with no or insufficient customer interaction, including, for example, barbacks and sushi chefs.

19. The FLSA does not permit tip-sharing arrangements in which Tipped Employees share their tips with non-tipped employees who have no or insufficient customer interaction.

20. Where there is an invalid tip-sharing arrangement, an employer may not utilize the tip credit.

21. Defendant also required Plaintiff and other Tipped Employees to spend large amounts of time performing non-tip-producing duties, including preparatory work tasks before and after their shifts when no customers were present or being served.

22. For example, Plaintiff Hook spent approximately 1 hour before her scheduled shift performing non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25. Some of these non-tip-producing tasks included, but were not limited to, cleaning, setting up and stocking

the bar, etc. Likewise, Plaintiff Hook spent approximately 1 hour after the end of her scheduled shift performing similar non-tip-producing tasks while being paid at tipped hourly rate of less than $7.25.

23. Defendant knew or should have known that their compensation practices and / or policies for Tipped Employees violates the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former Tipped Employees (as defined herein) of Acme Nashville, LLC d/b/a Acme Feed & Seed at any time since February 6, 2020.

25. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class worked pursuant to the common pay policies and / or practices described herein. Accordingly, Plaintiff and Tipped Employees are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
**Violations of the FLSA's Minimum and Overtime Wage Requirements**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

28. At all times material to the allegations herein, Plaintiff and those she seeks to represent were employees of Defendant and entitled to the FLSA's protections.

29. Defendant is an employer covered by the FLSA.

30. The FLSA requires employees be paid for all time worked.

31. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

32. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

33. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. See 29 U.S.C. §§ 203(m) and 203(t).

34. Defendant failed to meet all the FLSA's tip-credit requirements, as set forth above.

35. Defendant's violations of the FLSA were willful because they knew or should have known that their pay policies and / or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. A finding that Defendant has violated the FLSA;

B. A finding that Defendant's FLSA violations are willful;

C. A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendant has failed and refused to pay in violation of the FLSA;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent

permitted under the FLSA and the Federal Rules of Civil Procedure; and,

G. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: February 6, 2023

Respectfully submitted,

/s/David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com